# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM I. WEISBERG, ET AL., | ) | CASE NO.1:17CV112 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Motion to Dismiss Without Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2) and Contingent Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and/or Motion for Summary Judgment. (ECF # 20). For the following reasons, the Court grants the Motion and dismisses the case without prejudice subject to refiling.

Co- Plaintiff William Weisberg owns (for tax purposes) one-half of Saber Healthcare Group and Saber Healthcare Holdings. In 2010, Weisberg and his business partner became co-obligators to a $4,000,000 loan Saber Healthcare Group had taken out. In 2011, Weisberg paid half of the outstanding balance of the loan, while his partner paid the other half. When the Weisbergs filed taxes for 2010, the IRS disallowed deductions from William becoming a

co-obligator to the Saber loan. When the Weisbergs filed their taxes for 2011, they did not request a deduction for the loan repayment.

The Weisbergs challenged the denial of deductions on their 2010 taxes administratively. Plaintiffs' Complaint lays out the various administrative remedies the Weisbergs sought for years regarding their 2010 taxes and penalties assessed to them for that year. Plaintiffs waived the adjustment and only contested the penalties. However, at some point Plaintiffs discovered that Weisberg's business partner had received the deduction and Plaintiffs attempted to once again contest the adjustment. The IRS did not grant the Weisbergs the reduction for 2010, and the Weisbergs paid the taxes and penalties assessed against them on June 4, 2016, to avoid paying further penalties. On July 16, 2016, the Weisbergs filed a tax refund claim for 2011 as a remedy to the errors alleged in the Weisbergs' 2010 taxes. The IRS denied the claim because it was beyond the statute of limitations for such claims.

Plaintiffs filed their Complaint alleging that the IRS should refund them the amount erroneously collected for 2010 or, in the alternative, that the IRS should grant the refund claim for 2011. Plaintiffs argue that William becoming a co-obligator to the loan should have resulted in a deduction for 2010. Plaintiffs argue that the refund claim for 2011 is not barred due to equitable estoppel and the mitigation clauses of 26 U.S.C.A. § 1311-1314.

On January 13, 2017, Plaintiffs filed their original Complaint and on April 25, 2017, filed their First Amended Complaint. On June 14, 2017, Defendant filed its Motion to Dismiss and/or Motion for Summary Judgment. After two extensions to respond, Plaintiffs filed their Motion to Dismiss Without Prejudice on August 11, 2017, and Defendant filed its

Opposition on September 1, 2017. The Court stayed Plaintiffs' date to oppose Defendant's Motion to Dismiss until the Court ruled on Plaintiffs' pending Motion to Dismiss.

Plaintiffs move to dismiss without prejudice because the case is in its infancy with no discovery nor a trial date. Plaintiffs further contend that dismissal will allow them the opportunity to correct certain procedural and administrative missteps which form the bases of many of Defendant's arguments for dismissal.

Defendant opposes the Motion, in part, arguing that Plaintiffs' dismissal may be without prejudice for any claimed refund for the year 2010, however, Plaintiffs cannot revive a suit for a refund for 2011 as Plaintiffs failed to timely file an administrative claim for refund for 2011 and such failure forever bars them from filing suit for that refund. Furthermore, Defendant contends dismissal with prejudice of Plaintiffs' entire First Amended Complaint would not foreclose Plaintiffs from administratively pursuing a refund for tax year 2010 because, contrary to Plaintiffs' arguments, their First Amended Complaint does not seek a refund for 2010 but is instead limited to a claim for a refund owed for 2011.

## **LAW AND ANALYSIS**

FRCP 41(a)(2) provides in pertinent part:

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.


"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the defendant would suffer "plain legal prejudice"

as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir. 1994). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.*

Upon consideration of the *Grover* factors, the Court finds dismissal without prejudice is warranted. At this stage of the proceedings, the Court must construe the allegations as true *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity...") See also *Holland v. Bivens,* No. 3:13-CV-235-TAV-CCS, 2014 WL 991709, at *1 (E.D. Tenn. Mar. 13, 2014). In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. Citing *Scheuer v. Rhodes,* 416 U.S. 232, 236–37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Collins v. Nagle,* 892 F.2d 489, 493 (6th Cir.1989).

Plaintiff's Amended Complaint alleges at paragraphs 52 & 53 reads:

52. Had the Weisberg's 2010 tax been correctly calculated and credits properly applied, the Weisberg's 2010 liability would have been $39,088.00, and the Weisberg's would have been entitled to a 2011 refund of $8,398.00 after corresponding adjustments.

53. Alternatively, had the Agent properly adjusted the Weisbergs' 2011 tax liability for the carryover of the 2010 suspended tax losses, the adjustment would have resulted in a 2011 federal income tax overpayment of $144,830.00,

4

thereby resulting in a "net" federal income tax liability for the 2010 and 2011 tax years of $44,384.00.

In reading the above allegations, the Court holds the First Amended Complaint does, in fact, allege claims for both 2010 and 2011, thus, a with prejudice dismissal would likely negatively impair Plaintiffs' ability to file an administrative claim for 2010. This interpretation, when construing the facts in favor of Plaintiffs as the Court must, is further supported elsewhere in the Amended Complaint. In paragraph 60 and 61 it reads:

> 60. Simply stated, the Agent's determination that replacing Saber with William as co-obligor with respect to the Citizens Bank Loan did not create loan basis for purposes of deducting the flow-through losses of Saber for the 2010 tax year was not supported by applicable federal income tax law. Rather, applicable federal income tax law supports the proposition that the Citizens Bank Loan created loan basis for the 2010 tax year.
>
> 61. As a result of the Agent's incorrect determination regarding loan basis, the Weisbergs were erroneously assessed federal income tax, penalties, and interest in the amount of $215,524.59 for the 2010 tax year. Alternative grounds for relief, the Weisbergs seek recovery for damages resulting from the Agent's improper disallowance of the flow-through tax loss from Saber for the 2010 tax year, resulting in requested relief in the aggregate amount of $246,900.59.

Lastly, in the prayer for relief, Plaintiffs ask for judgment on the erroneously assessed income for 2010 or, alternatively, for damages for Defendant's refusal to allow Plaintiffs to amend their 2011 filing.

> WHEREFORE, Plaintiffs William and Georgia Weisberg demand judgment in their favor and against Defendant United States of America in the refund amount of Two Hundred Fifteen Thousand Five Hundred Twenty -Four Dollars. ($215,524.00), plus interest and costs allowed by law, and such other relief as the Court may deem just, including an award of reasonable litigation costs incurred in this proceeding pursuant to 26 U.S.C. §7430, for the erroneously assessed income tax for 2010. Alternatively, Plaintiffs demand judgment in their favor and against Defendant United States of America in the refund amount of Two Hundred Forty-Six Thousand Nine Hundred and 59/100

Dollars ($246,900.59) as a result of Defendant's improper refusal to allow the Weisbergs to amend their 2011 personal tax return, plus interest and costs allowed by law, and such other relief as the Court may deem just, including an award of reasonable litigation costs incurred in this proceeding pursuant to 26 U.S.C. § 7430.

In light of the clearly alleged claims arising from both 2010 and 2011 filings, the Court agrees with Plaintiffs that their First Amended Complaint alleges claims under both years and that a with prejudice dismissal would necessarily prejudice Plaintiffs' ability to later assert a claim for incorrectly assessed taxes for the year 2010. This weighs in favor of a without prejudice dismissal.

**Defendant's Effort and Expense in Preparing for Trial**

In analyzing this factor, the Court finds discovery has not commenced and no trial date has been set. Although this case is a year old, much time has been given to motions for extensions filed by both sides. Defendant contends it has spent substantial money in attorney fees and costs already in this case, however, there has been no discovery yet and no fear of duplication of effort beyond possibly refiling of the same motion in a subsequent action. Defendant will not be deprived of any defense. In short, its efforts up to this point have largely been focused on the filing and response to its Motion to Dismiss. Thus, this factor weighs in favor of dismissal.

**Excessive Delay**

The delays in this case are equally shared as both sides requested extensions of time to either file or respond to the others' Motions. However, these delays were not overly extensive. This factor does not favor either party.

6

### Insufficient Explanation for Dismissal

While the parties dispute whether Plaintiffs are foreclosed from filing suit on their 2011 tax returns, Plaintiffs acknowledge that there is nothing preventing them from filing a formal refund claim now while this action remains pending, however, Section 6532 requires that Plaintiffs make a formal refund claim before an action is filed with the district court. Plaintiffs argue Defendant may raise this issue as a defense to the litigation presently before the Court. Therefore, Plaintiffs believe a dismissal now, in order to allow them to pursue the refund administratively, will conserve judicial resources and may ultimately resolve their claim administratively without having to refile this action. The Court agrees and finds this factor weighs in favor of without prejudice dismissal.

### Whether Defendant filed a Motion for Summary Judgment

As Defendant has filed a Motion to Dismiss or Motion for Summary Judgment, this factor weighs in Defendant's favor, however, because no discovery has begun, summary judgment would likely require some discovery by the parties before the Court could render a decision. This is based on what appears to be issues of fact on such disputes as Plaintiffs' mitigation argument and the date a final determination was made on Plaintiffs' 2010 return, among other potential fact issues. Thus, discovery may be necessary to make a determination on Defendant's Motion. While this factor weighs in Defendant's favor, it does so only minimally given the likely need for discovery.

Having thus considered the above factors, the Court finds dismissal without prejudice is warranted and grants Plaintiffs' Motion. However, upon refiling, the Court may consider a Motion by Defendant for any costs of duplication of legal services.

IT IS SO ORDERED.

                                                            s/ Christopher A.Boyko
                                                            CHRISTOPHER A. BOYKO
                                                            United States District Judge

Dated: February 7, 2018